IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SHIEKEAL EDWARDS                                                                                    PLAINTIFF

V.                                                                            CIVIL ACTION NO. 1:18-CV-27-SA-DAS

TRISTAR PRODUCTS, INC.                                                                            DEFENDANT

ORDER

Shiekeal Edwards filed her Complaint [1] on February 21, 2018, against Tristar Products, Inc., following injuries she sustained from an allegedly defective pressure cooker purchased from Defendant Tristar. After the Parties conducted some discovery, the Defendant filed both a Motion for Summary Judgment [27] and a Motion for Partial Summary Judgment [31]. Three days later, the Plaintiff filed her Motion for Leave [33] to file her first Amended Complaint [33-1] which is presently before the Court. Briefing is complete, and the issues are ripe for review.

*Factual and Procedural History*

The Plaintiff's mother purchased a pressure cooker from the Defendant. According to the Plaintiff, while using the pressure cooker, there was an explosion in which the Plaintiff sustained severe injuries and burns. The Plaintiff filed this action alleging that, among various other claims, the Defendant sold her mother a defective product. On October 12, 2018, after the Parties conducted some discovery, the Magistrate Judge assigned to this case held a status conference to check on the Parties' progress. As a result of the status conference, the Magistrate Judge entered an Order [25] modifying some of the case management deadlines, including the deadline for filing amended pleadings. Three days later, on October 15, 2019, the Defendant filed its first Motion for Summary Judgment [27].[1] A few days later, the Plaintiff filed a Motion for Leave [33] to file her

---

[1] Four days later, the Defendant filed a second motion for summary judgment requesting judgment in its favor on additional claims. *See* Motion [31].

First Amended Complaint [33-1]—seeking leave to incorporate into a single cause of action certain previously alleged causes subsumed by the Mississippi Product Liability Act. The Defendant opposes the Plaintiff's proposed amendment.

*Legal Standard*

A party may amend its pleading once as a matter of course within 21 days after serving it. FED. R. CIV. P. 15(a). After 21 days, a party may amend its pleading only with the opposing party's written consent or by requesting leave of the Court. *Id.* The Federal Rules provide that leave to amend pleadings "shall be freely given when justice so requires." *Id.* Leave to amend, however, is by no means automatic. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667 (5th Cir. 1981); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979), *cert. denied*, 446 U.S. 939, 100 S. Ct. 2161, 64 L. Ed. 2d 793 (1980). The decision to grant or deny leave to amend lies within the sound discretion of the district court. *Guthrie v. J.C. Penney Co.*, 803 F.2d 202, 210 (5th Cir. 1986); *Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). In exercising its discretion, the district court may consider a variety of factors, including but not limited to the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

*Discussion*

The Plaintiff's original Complaint [1] asserted seven separate claims. In support of her proposed amendment, the Plaintiff argues that the proposed amendment simplifies her case by removing her Mississippi Consumer Protection Act claim and incorporating into a single cause of action her remaining claims that are subsumed by the Mississippi Product Liability Act. The

2

Plaintiff further argues that the proposed changes were the specific changes discussed in the status conference, and that the amendment would essentially give the Defendant the result sought in its pending Motions [27, 31].

In response, the Defendant argues that not only does the tardiness of the proposed amendment create prejudice, but that the proposed amended complaint contains entirely new allegations that could and should have been presented in the original complaint. The Defendant adds that this change is merely an attempt to defeat the pending Motions for Summary Judgment.

In accordance with the factors laid out in *Forman*, the Court turns first to undue delay. The Plaintiff did file her Motion to amend eight months after her original Complaint, and after the Defendant filed its Motions for Summary Judgment. However, before the Defendant filed either of its requests for summary judgment, and after a status conference with the Parties, the Magistrate Judge extended the amended pleadings deadline. While the Plaintiff filed her motion to amend several months after the original complaint, filing was well within the deadline set by the Magistrate Judge. Based on these particular circumstances, the Court finds that any delay was not egregious, particularly because the extension of the deadlines put both parties on notice of potential amendments.

The Defendant next argues that the Plaintiff seeks to amend her complaint merely to moot the pending Motions for Summary Judgment. Courts "must carefully scrutinize a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment." *Parish*, 195 F.3d at 763; citing *Little v. Liquid Air Co.*, 952 F.2d 841 (5th Cir. 1992).

The Plaintiff's original Complaint asserts seven causes of action: (1) Negligence, (2) Strict Liability [design defect], (3) Strict Liability [manufacturing defect], (4) Strict Liability [failure to

warn], (5) Breach of Warranty, (6) Negligent Misrepresentation, and (7) Violation of Mississippi Consumer Protection Act (CPA). In its first Motion for Summary Judgment [27], the Defendant asks the Court to grant partial summary judgment as to Count Seven of the Complaint, or in the alternative, dismiss the count for failure to state a claim. The Plaintiff's proposed Amended Complaint eliminates Count Seven. The Court finds that because the relief that the Defendant requests will be, in effect, granted by the Amended Complaint, the Defendant will suffer no prejudice from its filing.

The Defendant's second Motion for Partial Summary Judgment [31] asks the Court to grant summary judgment as to counts one, five, and six of the original Complaint. In the proposed Amended Complaint, the Plaintiff merges all of her original claims into a single claim under the Mississippi Product Liability Act (MPLA).

These proposed amendments do not broaden the issues. If anything, the proposed amendments simplify the issues and claims in this case.

*Conclusion*

For all of the reasons discussed above, the Court finds that the proposed Amended Complaint neither establishes new factual or legal basis for the Plaintiff's claims and, does not require the parties to reopen discovery and alter their trial strategies. *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992).

The Plaintiff's Motion for Leave to File an Amended Complaint [33] is GRANTED. Plaintiff shall file their Amended Complaint on the docket within seven days of this order. The Defendant's Motions for Summary Judgment [27, 31] are DENIED *without prejudice* as MOOT.

It is SO ORDERED on this 4th day of March, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE